DAVID LOPEZ, ESQ. (DL-6779)
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11968
Tel:  631.287.5520
DavidLopezEsq@aol.com

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Avenue #2A
New York, New York 10075
Tel: 323.790.4881
MiriamTauberLaw@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DENNIS J. DONOGHUE,
and MARK RUBENSTEIN,

Plaintiffs,

v.

NEXTNAV INC.,

Nominal Defendant,

and

TIMOTHY M. PRESUTTI,

Defendant.

Case No. **23-CV-7772**

**COMPLAINT
FOR RECOVERY OF
SHORT SWING PROFITS
UNDER 15 U.S.C. § 78p(b)**

**JURY TRIAL DEMANDED**

**THE PLAINTIFFS**, by David Lopez, Esq., and Miriam Tauber, Esq., their attorneys, complaining of the Defendants, respectfully allege the following upon information and belief, except as to Paragraph 2, which Plaintiffs allege on personal knowledge:

**JURISDICTION:**

1.      This Action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. §78aa.

**THE PARTIES AND VENUE:**

2.      Plaintiffs are each a security owner of NEXTNAV, INC. ("NEXTNAV") a Delaware corporation with principal offices and domicile at 1775 Tysons Blvd., 5th Floor, McLean, Virginia 22102.

3.      At all times relevant the common stock of NEXTNAV as a class was registered under Section 12(b) of the ACT.

4.      At all times relevant the common stock of NEXTNAV was listed for trading on the NASDAQ Stock Market, LLC, a National Securities Exchange located within this District and one or more of the transactions to be recited hereafter was effected through the facilities of that exchange making venue correct in this District.

5.      This Action is brought in the right and for the benefit of NEXTNAV which is named as a Nominal Defendant solely in order to have all necessary parties before the Court.

6.      At all times relevant TIMOTHY M. PRESUTTI ("PRESUTTI"), was a more-than-10% beneficial owner of NEXTVAV common stock and thereby a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT. He may be found at 2802 Timmons Lane #27440, Houston, Texas 77227.

**STATUTORY REQUISITES:**

7.      The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the ACT.

8.      Demand for prosecution was made on NEXTNAV on June 17, 2022. There has been no response.

9.      More than 60 days have expired. Further delay in the filing of suit would be a futile gesture.

10.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C 78p(a), Section 16(a) of the ACT, setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

**CONSTITUTIONAL STANDING:**

11.     NEXTNAV has suffered particularized injury-in-fact and has constitutional standing under Article III to have this suit prosecuted on its behalf by reason of (i) the Defendants' breach of fiduciary duty owed to NEXTNAV, such breach consisting of short-swing trading; (ii) conversion of monies belonging to NEXTNAV upon the closing of any and all short-swing trades and (iii) the reputational disparagement to NEXTNAV attendant on having its one of its insiders engage in short-swing trading and the dissemination of such facts through the insiders' compliance with Section 16(a) of the Act. Each such is a concrete and particularized harm redressable by the court through this Action.

**FIRST CLAIM FOR RELIEF:**

12.     PRESUTTI sold 4,000,000 shares of NEXTNAV common stock on June 10, 2022. The reported price of this transaction was $4 per share.

13.     PRESUTTI acquired shares of NEXTNAV common stock, at lower prices, within six months of the sale described above. The purchases reported by PRESUTTI are summarized in the table below:

| **Date** | **Number of Shares Acquired** | **Price/Share** |
|----------|------------------------------|-----------------|
| June 13, 2022 | 200,000 | $2.3197 |
| June 14, 2022 | 146,571 | $2.3645 |
| June 15, 2022 | 3,858 | $2.4 |

| Date | Number of Shares Acquired | Price/Share |
|------|---------------------------|-------------|
| June 16, 2022 | 303,929 | $2.9243 |
| June 17, 2022 | 196,071 | $2.7853 |
| June 29, 2022 | 250,000 | $1.9631 |
| June 30, 2022 | 109,254 | $2.1569 |
| July 1, 2022 | 51,266 | $2.2059 |
| July 5, 2022 | 168,659 | $2.1257 |
| July 6, 2022 | 19,631 | $2.1499 |
| July 11, 2022 | 120,055 | $2.3947 |
| July 14, 2022 | 146,422 | $2.6451 |
| August 12, 2022 | 670,765 | $3.0483 |

14.     The foregoing sale and purchases within periods of less than six months while PRESUTTI was an insider of NEXTNAV generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiffs. By applying the "lowest-in/highest-out" method for computing profits under Section 16(b), Plaintiffs estimate profits subject to disgorgement at approximately $3,330,726. The precise amount to be recovered will be determined through discovery and an accounting.

**SECOND CLAIM FOR RELIEF:**

15.     This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

16.      PRESUTTI, acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of NEXTNAV within periods of less than six months of each other while an insider of NEXTNAV including but not limited to the transactions pleaded in the First Claim for Relief.

17.     PRESUTTI's additional transactions, which may be subject to Section 16(b) and give rise to additional profits subject to disgorgement by PRESUTTI, include (specifically, and without limitation): (i) Purchases of NEXTNAV common stock purchase warrants by entities controlled by PRESUTTI in connection with their purchases of notes from NEXTNAV on May 9, 2023; and (ii) the sale of shares of NEXTNAV common stock and warrants by entities controlled by PRESUTTI, as described in the "Plan of Distribution" described in Post-Effective Amendments # 2 and # 4 to NEXTNAV's Registration Statement, *see* Form POS/AM Nos. 2 & 4, filed by NEXTNAV with the SEC on 8/10/2022, 6/23/2023.

18.     By reason of such additional purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of NEXTNAV, PRESUTTI realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of NEXTNAV.

**WHEREFORE**, Plaintiffs demand judgment:

a)  Requiring PRESUTTI to account for and to pay over to NEXTNAV the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b)  Awarding to Plaintiffs their costs and disbursements including reasonable attorney, accountant, and expert witness fees; and

c)  Granting to Plaintiffs such other and further relief as the court may deem just and proper.                                          **Dated**: Aug. 31, 2023 (Southampton, NY)

*/s/ Miriam Tauber*                                      */s/ David Lopez*
Miriam Tauber, Esq.                                   David Lopez, Esq
*Attorney for Plaintiffs*                               *Attorney for Plaintiffs*