UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE and MARK RUBENSTEIN,<br><br>                              Plaintiffs,<br><br>         -against-<br><br>NEXTNAV INC.,<br><br>                              Nominal Defendant,<br><br>         and<br><br>TIMOTHY M. PRESUTTI,<br><br>                              Defendant. | **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**<br><br>23-CV-07772 (DLC) |

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.      With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to

2

be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the Parties to this action, their insurers, and counsel to their insurers;

    b. counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    d. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter;

e. as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

g. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel;

h. stenographers engaged to transcribe depositions conducted in this action; and

i. this Court, including any appellate court, and the court reporters and support personnel for the same.

7. Prior to disclosing any Discovery Material designated as Confidential to any person referred to in subparagraphs 6(d), 6(f), or 6(g) above, the disclosing Party shall provide the recipient with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Counsel for the disclosing Party shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person's testimony (at deposition or trial), where applicable, or at the conclusion of the case upon request by the opposing party, whichever comes first.

8. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will contact the Court to obtain a ruling.

9. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business,

4

commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

10. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

11. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information. Within five business days of the notification that such

5

Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow any applicable rules of the Court and the Individual Practices of Judge Cote in doing so.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

15. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

So ordered.

*Denise Cote*
2/15/24

SO STIPULATED AND AGREED:

_[signature]_
Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. #2A
New York, NY 10075
(323) 790-4881
MiriamTauberLaw@gmail.com

David Lopez, Esq.
171 Edge of Woods Road
P.O. Box 323
Southampton, NY 11968
(631) 287-5520
DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

_[signature]_
Maya S. Jumper (#5409800)
Hogan Lovells US LLP
390 Madison Ave.
New York, NY 10017
(212) 918-3733
maya.jumper@hoganlovells.com

Jon M. Tolatta
Hogan Lovells US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610-6156
Jon.talotta@hoganlovells.com

*Counsel for Nominal Defendant NextNav, Inc.*

_[signature]_
Theodore L. Kornobis (#4791497)
K&L Gates LLP
1601 K Street NW
Washington, DC 20006
Telephone: 202-778-9180
Fax: 202-778-9100
ted.kornobis@klgates.com

Stephen G. Topetzes
(Pro hac vice)
K&L Gates LLP
1601 K Street NW
Washington, DC 20006
Telephone: 202-778-9328
Fax: 202-778-9100
stephen.topetzes@klgates.com

Meghan E. Flinn
(Pro hac vice forthcoming)
K&L Gates LLP
1601 K Street NW
Washington, DC 20006
Telephone: 202-778-9458
Fax: 202-778-9100
meghan.flinn@klgates.com

*Counsel for Defendant Timothy M. Presutti*

SO ORDERED:

_____
Hon. Denise L. Cote
U.S. District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE and MARK RUBENSTEIN,<br><br>                     Plaintiffs,<br><br>  -against-<br><br>NEXTNAV INC.,<br><br>                     Nominal Defendant,<br><br>      and<br><br>TIMOTHY M. PRESUTTI,<br><br>                     Defendant. | **NON-DISCLOSURE AGREEMENT**<br><br>23-CV-07772 (DLC) |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or, upon permission of the producing party, destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    Signature: _____