UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE and MARK RUBENSTEIN,<br><br>                                **Plaintiffs,**<br><br>         -against-<br><br>NEXTNAV INC.,<br><br>                         **Nominal Defendant,**<br><br>         and<br><br>TIMOTHY M. PRESUTTI and WILBUR Ed. BOSARGE, Jr.,<br><br>                              **Defendants.** | 23-CV-07772 (DLC)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Timothy M. Presutti, through his undersigned counsel, hereby answers and otherwise responds to the First Amended Complaint ("FAC") in the above-captioned matter.

Mr. Presutti denies each and every allegation of the FAC not expressly admitted below, and denies that Plaintiffs Dennis Donoghue and Mark Rubenstein (together, "Plaintiffs") are entitled to any of the relief they seek. Unnumbered paragraphs or headings in the FAC do not require a responsive pleading. To the extent a response is required, Mr. Presutti denies the allegations contained in any unnumbered paragraphs or headings.

1. Paragraph 1 contains legal conclusions that do not require a response. To the extent further response is required, Mr. Presutti admits that Plaintiffs purport to assert an action under the provisions of Section 16(b) of the Securities Exchange Act of 1934 ("Act") and states that he does

not oppose the jurisdiction of this Court.  Mr. Presutti otherwise denies the allegations contained in Paragraph 1 and denies that Plaintiffs have any cognizable claim under Section 16(b).

2.      Mr. Presutti admits that NextNav is a Delaware corporation with principal offices at the location alleged in Paragraph 2.  Mr. Presutti lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and therefore denies them.

3.      Admitted.

4.      Mr. Presutti admits that, at the time of the transactions alleged in the FAC, the common stock of NextNav, Inc. ("NextNav") was listed for trading on the NASDAQ Stock Market, LLC, a National Securities Exchange located in New York, New York, and that certain market transactions in NextNav securities would have been effected through that exchange.  To the extent Paragraph 4 refers to transactions recited in subsequent paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs.  To the extent further response is required, Mr. Presutti denies the allegations in Paragraph 4 and states that he does not oppose venue in this District.

5.      Paragraph 5 contains a legal conclusion that does not require a response.  To the extent a response is required, Mr. Presutti admits that Plaintiffs purport to assert an action on behalf of NextNav and that NextNav has been named as a Nominal Defendant.  Mr. Presutti otherwise denies the allegations contained in Paragraph 5.

6.      Mr. Presutti admits that the address identified in Paragraph 6 is a business address of Capital Technologies, LLC.  Paragraph 6 otherwise does not require a response because it contains legal conclusions and does not contain any factual allegations directed toward Mr. Presutti.  To the extent further response is required, Mr. Presutti states that he lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies them. To the extent Paragraph 6 refers to allegations recited in subsequent paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs.

7.  In response to the first sentence of Paragraph 7, Mr. Presutti admits that he was employed as a manager for Capital Technologies during the time period of the transactions alleged in Paragraphs 13 and 20 of the FAC. The second sentence of Paragraph 7 contains a legal conclusion that does not require a response. To the extent further response is required, Mr. Presutti admits that, during the time period of the transactions alleged in Paragraphs 13 and 20 of the FAC, he had voting and investment power with respect to the NextNav common stock in his capacity as investment manager for the accounts that held the NextNav common stock, which were affiliated accounts of a family office. Mr. Presutti otherwise denies the allegations contained in Paragraph 7.

8.  Paragraph 8 contains legal conclusions that do not require a response. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 8.

9.  Mr. Presutti lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them.

10. Paragraph 10 contains legal conclusions that do not require a response. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 10.

11. The first sentence of Paragraph 11 does not require a response because it purports to characterize certain Form 4 reports, which speak for themselves. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced sources for their content and denies the allegations contained in the first sentence of Paragraph 11. Mr. Presutti lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 11 and therefore denies them, except that he admits that the action was originally filed solely against him as the defendant and that the FAC purports to add Mr. Bosarge as a defendant.

12. Paragraph 12 contains legal conclusions that do not require a response. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 12.

13. Paragraph 13 does not require a response because it purports to characterize a Form 4 filing, which speaks for itself. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced source for its content and denies the allegations contained in Paragraph 13, including that the alleged transaction constitutes a "sale" as defined for purposes of Section 16(b).

14. Paragraph 14 does not require a response because it purports to quote and characterize a Form 4 filing, which speaks for itself. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced source for its content and denies the allegations contained in Paragraph 14.

15. Paragraph 15 does not require a response because it purports to quote and characterize a Form 4 filing, which speaks for itself. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced source for its content.

16. Paragraph 16 does not require a response because it purports to characterize a Form 4/A filing, which speaks for itself. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced source for its content and denies the allegations contained in Paragraph 16.

17.     Paragraph 17 does not require a response because it contains a legal conclusion and purports to characterize an SEC regulation, which speaks for itself. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced source for its content.

18.     Paragraph 18 does not require a response because it contains legal conclusions and otherwise purports to characterize Plaintiffs' claims. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 18.

19.     Paragraph 19 does not require a response because it contains legal conclusions and otherwise purports to characterize Plaintiffs' claims. To the extent further response is required, Mr. Presutti respectfully refers he Court to the referenced regulation for its content, denies the allegations contained in Paragraph 19, and denies any liability or disgorgement under Section 16(b).

20.     Paragraph 20 does not require a response because it purports to characterize Form 4 filings, which speak for themselves. To the extent Paragraph 20 refers to transactions recited in previous paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced sources for their content and denies the allegations contained in Paragraph 20, including that the transaction described in Paragraphs 13-15 of the FAC constitutes a "sale" as defined for purposes of Section 16(b).

21.     Paragraph 21 contains legal conclusions that do not require a response. To the extent Paragraph 21 refers to transactions recited in previous paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 21, including that the June 10, 2022 transaction constitutes a "sale" as defined for purposes of Section 16(b), denies any

liability or disgorgement under Section 16(b), and denies that Plaintiffs are entitled to any damages under Section 16(b).

22. Paragraph 22 contains legal conclusions that do not require a response. To the extent Paragraph 22 refers to transactions recited in previous paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 22, denies that he "sold" any NextNav shares for purposes of Section 16(b) as described in Paragraphs 13-15 of the FAC, and denies any liability or disgorgement under Section 16(b).

23. Paragraph 23 contains legal conclusions that do not require a response. To the extent Paragraph 23 refers to transactions recited in previous paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 23, denies that the transaction described in Paragraphs 13-15 of the FAC constitutes a "sale" as defined for purposes of Section 16(b), and denies any liability or disgorgement under Section 16(b).

24. Paragraph 24 does not require a response because it contains legal conclusions and otherwise purports to characterize Plaintiffs' claims. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 24.

25. Paragraph 25 contains legal conclusions that do not require a response. To the extent Paragraph 25 refers to transactions recited in previous paragraphs of the FAC, Mr. Presutti refers to and incorporates herein his responses to those paragraphs. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 25, including that the transaction described in Paragraphs 13-15 of the FAC constitutes a "sale" as defined for purposes of Section 16(b), and denies any liability or disgorgement under Section 16(b).

26. Paragraph 26 does not contain any factual allegations that require a response. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 26.

27. Paragraph 27 does not require a response because it contains legal conclusions and purports to characterize Form 4 and Section 13G filings that speak for themselves. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced sources for their content and denies the allegations contained in Paragraph 27.

28. Paragraph 28 does not require a response because it contains legal conclusions, does not contain any factual allegations directed toward Mr. Presutti, and purports to characterize certain regulatory filings, which speak for themselves. To the extent further response is required, Mr. Presutti respectfully refers the Court to the referenced sources for their content, denies the allegations contained in Paragraph 28, and denies that Plaintiffs are entitled to any damages under Section 16(b).

29. Paragraph 29 does not require a response because it contains legal conclusions and does not contain any factual allegations directed toward Mr. Presutti. To the extent further response is required, Mr. Presutti denies the allegations contained in Paragraph 29 and denies that Plaintiffs are entitled to any damages under Section 16(b).

Mr. Presutti denies each and every allegation contained in the "WHEREFORE" clause on page 8 of the FAC and denies that Plaintiffs are entitled to any of the requested relief contained in Paragraphs (a) through (c) thereunder.

## AFFIRMATIVE DEFENSES

Mr. Presutti advances the following defenses to the FAC. Each defense asserted against a claim or requested relief is asserted as to every claim or requested relief, in whole or in part, unless otherwise stated. By setting forth these defenses, Mr. Presutti does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged transaction occurring on June 10, 2022, was a transfer between affiliated accounts under the common environment of the same family office and, therefore, is not a "sale" of NextNav common stock as defined for purposes of Section 16(b). *See* 15 U.S.C. § 78c(a)(14). Without a corresponding "sale" within a six-month period, the purchases alleged in the FAC are not actionable under Section 16(b).

### THIRD AFFIRMATIVE DEFENSE

Mr. Presutti did not realize any profits as a result of the transactions alleged in the FAC.

### FOURTH AFFIRMATIVE DEFENSE

The alleged transaction occurring on June 10, 2022, is exempt from "short swing" liability under Section 16(b) and rules promulgated by the U.S. Securities and Exchange Commission including, without limitation, Rules 16a-13.

**FIFTH AFFIRMATIVE DEFENSE**

The transactions alleged in the FAC did not create the opportunity for speculative trading on the part of Mr. Presutti and therefore fall outside the scope of Section 16(b).

**SIXTH AFFIRMATIVE DEFENSE**

The FAC is barred because Claimants have not established standing to assert the claims contained in the FAC.

**RESERVATION OF RIGHTS**

Mr. Presutti reserves the right to assert, and hereby gives notice that he intends to rely upon, any other defense that may become available or appear during discovery or otherwise in this case and hereby reserves the right to amend his Answer to assert such defenses.

WHEREFORE, Mr. Presutti denies that Plaintiffs are entitled to any of the relief that they seek in the FAC and requests judgment dismissing the FAC with prejudice.

Dated: April 26, 2024

        Respectfully submitted,

        <u>/s/ Stephen G. Topetzes</u>
        Theodore L. Kornobis
        New York State Bar # 4791497
        Stephen G. Topetzes
        *(Pro hac vice)*
        Meghan E. Flinn
        K&L Gates LLP
        1601 K Street NW
        Washington, DC 20006
        Telephone: 202-778-9180
        Fax: 202-778-9100
        ted.kornobis@klgates.com
        stephen.topetzes@klgates.com
        meghan.flinn@klgates.com

        *Attorneys for Defendant Timothy M. Presutti*

CC:    Counsel of record via ECF